```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

JANINE C. HEBRON,

    Petitioner,

v.                                    CIVIL ACTION NO. 1:19-00815

WARDEN REHERMAN,

    Respondent.

### MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Tinsley submitted to the court his Proposed Findings and Recommendation ("PF&R") on April 22, 2020, in which he recommended that the court deny petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (and her addendum thereto). (See ECF No. 6.)

    In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days and three mailing days in which to file any objections to the PF&R. The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a *de novo* review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Petitioner timely filed a response to the PF&R, in which she requests dismissal of her petition "as moot in the best interest of judicial efficiency." (ECF No. 7, at 3.) She explains that her case is moot because her spouse has relocated. (Id. at 1.) Nevertheless, she "acknowledges" the PF&R and explains why she believes it is wrong.

Federal Rule of Civil Procedure 41(a)(1)(A)(i) allows plaintiffs to dismiss actions without a court order unless one or more defendants has filed an answer or motion for summary judgment.[1] As the Fourth Circuit has explained, such "dismissal is available as a matter of unconditional right." Marex Titanic, Inc. v. Wrecked & Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993).

---

[1] In relevant part, the Rule states as follows:

> (a) Voluntary Dismissal.
> (1) By the Plaintiff.
> (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . .

Fed. R. Civ. P. 41.

2

Accordingly, this action is automatically dismissed without prejudice.[2] All other pending motions are necessarily dismissed along with the case.

The court directs the Clerk to remove this case from the court's active docket and to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 11th day of March, 2021.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge

---

[2] There is no need for the court to order dismissal. See Marex, 2 F.3d at 546 n.2 (quoting Am. Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963)). ("So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of the court closing the file. Its alpha and omega was the doing of the plaintiff alone.").